UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton,<br>*aka James Bennie Skelton,*<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>United States Supreme Court,<br><br>　　　　　　　　　　　Defendant. | ) C/A No.: 3:13-465-MBS-JDA<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

_____

Plaintiff is proceeding pro se and brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B) (2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff files this matter against the United States Supreme Court. Plaintiff seeks, inter alia, "to overturn the previous 1962 Supreme Court ruling that outlawed prayer in public schools." Plaintiff seeks only injunctive relief. The complaint should be dismissed for lack of jurisdiction based on Plaintiff's lack of standing to sue.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**DISCUSSION**

Plaintiff's Complaint reads in full:

"I James Skelton as a born again Christian and disabled American veteran
do hereby file this pro se law suit against the United States Supreme Court

> in an effort to overturn the previous 1962 Supreme Court ruling that outlawed prayer in public schools. By the previous Supreme Court's ruling against prayer and the posting of the ten commandments in public schools they have in fact made God an outlaw. As one nation under God the United States Supreme Court has acted as an enemy of domestic terrorism and therefore bringing the wrath of God on our schools, children and society. If prayer and the posting of the ten commandments had been allowed the possibilities of the mass shooting and violence would have never happened. All right came from God including the right to life, liberty and the pursuit of happiness. We the people have the right to worship God in our own way without inference (sic) from the government. The United States Supreme Court has not acted in the defense of freedom of religion and its previous rulings on all Christian matters should be struck down. This is the only humanitary (sic) thing to do if we are to have a government of the people, for the people, and by the people."

In Plaintiff's prayer for relief, he asks the Court to:

> "Strike down all previous United States Supreme Court ruling on prayer in public schools. Also strike down any and all United States Supreme Court ruling on the posting of the ten Commandments in public display."

Federal courts are courts of limited jurisdiction. Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; see also F. R. Civ. P. 12 (h) (3) ("Whenever it appears that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The complaint must allege the facts necessary to provide the court jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); *Davis. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). To this end, Federal Rule of Civil Procedure 8(a) (1) requires that

the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends [.]"[1] Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Under Article III, § 2, of the Constitution, federal courts have jurisdiction over a dispute only if it is a "case" or "controversy"; this is a "bedrock requirement." *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). One element of the case-or-controversy requirement is to establish that the plaintiff has standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "The requirement of standing... has a core component derived directly from the Constitution. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Plaintiff does not have standing to challenge the "1962 Supreme Court ruling that outlawed prayer in public schools," "all previous United States Supreme Court ruling[s] on prayer in public schools," or any decisions concerning "the posting of the ten commandments." The Supreme Court has "consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). Plaintiff makes no showing of a "personal stake" or injury "particularized as to him" caused

---

[1] If the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick*, 191 F.3d at 399 citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997).

by the Defendants in this lawsuit. Standing is a strict jurisdictional requirement, rigorously enforced when the court must decide if the government's actions are unconstitutional. *Id.* at 819-20. Plaintiff fails to establish that he has standing to sue the United States Supreme Court

Additionally, Plaintiff lacks standing to sue on behalf of other individuals. *See Laird v. Tatum*, 408 U.S. 1 (1972); see also *Valley Forge Christian College v. Americans for Separation of Church and State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, and the merits of the case are irrelevant). See *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1971); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981)(a pro se litigant cannot act as a "knight-errant" for others); *Oxedine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(same). The Plaintiff does not have standing to sue on his own behalf, or on behalf of others. The complaint should be dismissed for lack of jurisdiction based on Plaintiff's lack of standing to sue.

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

March 14, 2013
Greenville, South Carolina

**<u>The Plaintiff's attention is directed to the important notice on the next page</u>**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).